**SAVKO BROTHERS COMPANY, an Ohio Corporation, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 15742.

United States Court of Appeals
Sixth Circuit.

Nov. 17, 1964.

Argued by C. Stanley Taylor, Columbus, Ohio, Schwenker, Teaford, Brothers & Bernard, Columbus, Ohio, on the brief, Robert E. Teaford, Columbus, Ohio, of counsel, for petitioner.

Argued by Carolyn R. Just, Dept. of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz and Carolyn R. Just, Attys., Dept. of Justice, Washington, D. C., on the brief, for respondent.

Before EDWARDS, Circuit Judge, BOYD, District Judge, and PRETTYMAN, Senior Circuit Judge.[1]

PER CURIAM.

In this appeal the taxpayer (Savko Brothers Company) seeks to reverse a tax deficiency judgment of $4,096.79. The Commissioner had previously found (and had contended before the Tax Court for) a deficiency of $36,496.51. The dispute turns upon whether or not salaries

1. Senior Circuit Judge E. Barrett Prettyman of the District of Columbia Circuit sitting by designation.

and bonuses paid to the corporation's two principal officers and stockholders were or were not "reasonable" within the meaning of Internal Revenue Code of 1954, § 162(a) (1).[2]

Two brothers, Nick and Charley Savko, were recipients of the salaries and bonuses and paid personal income taxes thereon. They had organized the corporation late in 1955 to engage in the building, construction and excavating business in which both had considerable prior experience. It is undisputed that through their joint efforts in estimating jobs, in getting business, in laying out work and supervising it, they were personally responsible for the considerable success of the company.

The financial picture of the taxpayer company is shown in these figures:

| Year Ending June 30 | Gross Receipts | Net Income (Loss) | Total Compensation to Savkos |
|---|---|---|---|
| 1957 | $461,666.10 | $(11,273.85) | $62,500 |
| 1958 | 555,672.88 | 26,205.24 | 49,000 |
| 1959 | 775,916.01 | 38,683.27 | 52,000 |

The Commissioner's and the Tax Court's treatment of the Savkos' total compensation was as follows:

| Taxable Year Ended June 30 | Commissioner | | Tax Court | |
|---|---|---|---|---|
| | Compensation Allowed | Tax Deficiency | Compensation Allowed | Tax Deficiency |
| 1957 | $26,000.00 | $ 6,873.11 | $49,000.00 | $ -0- |
| 1958 | 26,000.00 | 16,103.40 | 49,000.00 | 4,096.79 |
| 1959 | 26,000.00 | 13,520.00 | 52,000.00 | -0- |

The Tax Court on this record held amounts paid each of the Savko brothers in 1957 "was unreasonable as compensation for services actually rendered * * * to the extent of $6,750 each." It thus appears that the Tax Court allowed $24,500 as "reasonable" compensation to each officer for the first year of operation of the company at a time when the company showed a loss. This was the same compensation which the company paid to each brother in the following year—the first year when the company showed a profit.

Under this record we cannot say that the Tax Court's determination was "clearly erroneous." Rule 52(a) Fed. R.Civ.P.; Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

Affirmed.

2. § 162. Trade or business expenses.
"(a) In General.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

"(1) a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *" 26 U.S.C.1958 ed., Sec. 162 (a) (1).